

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 23, 1958

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

OPINION NO. WW-437

Re: Whether Comptroller
may permit correction of
inaccurate claim for re-
fund of motor fuel taxes
subsequent to its filing.

Dear Mr. Calvert:

We quote the following excerpt from your letter of
April 29, 1958, requesting our opinion on the above cap-
tioned matter:

"The claimant filed a claim, duly sworn to,
for refund of tax paid on 8,465 gallons of motor
fuel shown in the claim form to have been used
entirely off the roads and highways, refundable,
and in the space on the claim form headed, 'Gallons
Used on Roads and Highways, No Refund', the word
'none' had been typed in.

"Investigation of the claim in the field re-
vealed that a considerable part of said motor fuel
had been used taxable in trucks, pickups and a jeep
on the highways.

"The claimant stated that the claim had been
prepared by a new bookkeeper aided by the local
Farm Bureau Office, and that he signed the claim
without noticing that the taxable highway fuel
had not been deducted. All previous claims filed
over the years showed careful preparation and large
deductions for taxable highway use. Obviously, the
claim was filed without wilful intent to obtain tax
refund to which he was not entitled."

The Comptroller's form 7065-E for farmers and ranchers
making an affidavit for claim of refund also contains the
following question: "Have you used any fuel covered by
invoice of exemption on the roads and highways in any ve-
hicle (including tractors hauling products, or doing custom
work)?" To this question the applicant answered "yes."
Thus the claim was inconsistent on its face. The invoices
of exemption which were attached to the application and

which were made out at the time the gas was used correctly stated the amount and purposes for which it was used.

You ask whether the entire claim has become forfeited or whether the Comptroller may allow a revision of the application so as to permit recovery of the amount of refund to which applicant was actually entitled.

Article 7065b-13, Vernon's Civil Statutes, authorizes a refund of motor fuel taxes in certain instances. We quote the following pertinent provisions of this article:

"(a)  In all refund claims filed under this section the burden shall be on the claimant to furnish sufficient and satisfactory proof to the Comptroller of the claimant's compliance with all provisions of this Article; otherwise, the refund claim shall be denied.

"(b)  Any person (except as hereinafter provided), who shall use motor fuel for the purpose of operating or propelling any stationary gasoline engine, motorboat, aircraft, or tractor used for agricultural purposes, or for any other purpose except in a motor vehicle operated or intended to be operated upon the public highways of this State, and who shall have paid the tax imposed upon said motor fuel by this Article, either directly or indirectly, shall, when such person has fully complied with all provisions of this Article and the rules and regulations promulgated by the Comptroller, be entitled to reimbursement of the tax paid by him less one and one-half per cent (1½%) allowed distributors, wholesalers and jobbers, and retailers under the provisions of Section 2 (b) of this Article . . .

".  .  .

"(f)  Any person entitled to file claim for tax refund under the terms of this Article shall file such claim with the Comptroller on a form prescribed by the Comptroller within six (6) months from the date the motor fuel was delivered to him, or from the date the motor fuel was lost, exported or sold to the United States Government, and no refund of tax shall ever be made where it appears from the invoice of exemption, or from the affidavits or other evidence submitted, that the sale or delivery of the motor fuel was made more than six (6) months prior to the date the refund claim was actually received in the Comptroller's office.

The refund claim, with all duplicate invoices of exemption required by law to be issued with the sale of refund motor fuel included as a part of said claim, shall be verified by affidavit of the claimant, or a duly authorized agent of the claimant, and shall show the quantity of refund motor fuel acquired and on hand at the beginning and closing dates of the period covered in the refund claim filed.

". . .The claim for tax refund shall include a statement that the information shown in each duplicate invoice of exemption attached to the tax refund claim is true and correct, and that deductions have been made from the tax refund claim for all motor fuel used on the public highway of Texas and for all motor fuel used or otherwise disposed of in any manner in which a tax refund is not authorized herein. . .

". . .

"It shall be the duty of every person claiming tax refund to verify the contents of the claim filed and any such person who shall file claim for tax refund on any motor fuel which has been used to propel a motor vehicle, tractor or other conveyance upon the public highway of Texas for any purpose for which a tax refund is not authorized herein, or who shall file any duplicate invoice of exemption in a claim for tax refund on which any date, figure or other material information has been falsified or altered after said duplicate invoice of exemption has been duly issued by the refund dealer and delivered to the claimant, shall forfeit his right to the entire amount of the refund claim filed." (Emphasis supplied throughout.)

We think that Article 7065b-13 is plain and unambiguous. Under its specific terms the claimant has the burden of showing compliance with all of the provisions of the article and the rules and regulations promulgated by the Comptroller. Such full compliance is requisite to reimbursement of the tax. The claim for refund in this case did not fully comply, but, on the contrary, specifically failed to exclude the amount of gas which had been used in operating motor vehicles upon the public highways of this State.

The statute speaks in clearly mandatory terms in stating that it shall be the duty of every person claiming a tax refund to verify the contents of the claim which he files and further that "any such persons who shall file claim for tax refund on any motor fuel which has been used for any purpose for which a tax refund is not authorized herein, . . .shall forfeit his right for the entire amount of the refund claim filed."

In Opinion No. V-1487 this office advised you that the tax refunds authorized by the Motor Fuel Tax law are in the nature of exemptions or exceptions and must be strictly construed. The statutory procedure must be strictly complied with in order to entitle the claimant to the right granted him by the statute.

The results which ensue in this case are no harsher than those which ensue in many cases where a taxpayer mistakenly or unintentionally fails to comply with the provisions of the law. Section (f) of Article 7065b-13 expressly provides that no refund of tax shall ever be made in those cases in which the sale or delivery of the motor fuel was made more than six months prior to the date the refund claim was received in the Comptroller's office. No one would question the mandatory nature of this provision, yet a taxpayer might as innocently and mistakenly fail to file his claim for refund within the prescribed six months' period as he might mistake the number of gallons of motor fuel on which the amount of his refund should be based. As a practical matter, the taxpayer rather than the Comptroller must shoulder the burden of ascertaining the correctness of his claim, or the burdens of enforcing the Motor Fuel Tax law would be immeasurably increased.

In any event, regardless of our view as to the desirability or undesirability of the result we have reached in this case, it has been stated that it is the proper function of a court to enforce the law as made by the Legislature rather than to announce what the law should be or to speculate as to why it is as it is. No court is authorized under any pretext to nullify, repeal or rewrite an unambiguous act to conform to its own notions of justice or wisdom. 39 Tex. Jur. 163, 164, Statutes, Sec. 89. Certainly this office could not do that which is beyond the authority of a court of law. You are therefore advised that the claimant in the case you have submitted for our consideration has forfeited his right to the entire amount of the claimed refund.

## SUMMARY

Where claim for refund of motor fuel taxes included a claim for refund on motor fuel which had been used for a purpose for which a tax refund was not authorized, claimant forfeited his right to the entire amount of the refund claim filed.

Very truly yours

WILL WILSON
Attorney General of Texas

By
Marietta McGregor Payne
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman

Howard Mays
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY:
W. V. Geppert